PER CURIAM.
Appellant challenges a final order of the Department of Highway Safety and Motor Vehicles, Division of Florida Highway Patrol, removing it from the wrecker service rotation system. We affirm.
Appellant has participated in the Florida Highway Patrol wrecker rotation system for several years, but in December 1989, the appellee filed an administrative complaint seeking to remove appellant from the system. Removal was sought on the authority of Rule 15B-9.007(7), Florida Administrative Code, which provides in pertinent part that lack of reputability shall be a ground for removal from the rotation list. The rule provides that acts constituting a lack of reputability shall include, but shall not be limited to: conviction of any felony without restoration of civil rights; conviction of any felony or misdemeanor related to the operation of a wrecker, regardless of whether civil rights have been restored; response to a call while under the influence of alcohol or any controlled substance to the extent that normal facilities are impaired; or conviction of DUI or of any *68 criminal traffic offense. The appellee alleged in its administrative complaint that appellant’s lack of reputability was demonstrated by the unexplained removal of parts from two vehicles, each occurring on separate occasions.
The DOAH hearing officer who presided over appellant’s hearing found that the ap-pellee had proved parts were removed from vehicles in the exclusive possession and control of appellant. The hearing officer found further that appellee has interpreted the above-referenced rule to mean that a wrecker service is not deemed reputable if it cannot be trusted with safeguarding vehicles towed and stored by it, and that appellee’s interpretation of its own rule is entitled to great weight. Also, the hearing officer found that the examples listed in Rule 15B--9.007(7) are not limiting factors in determining reputability under the rule. The hearing officer therefore concluded that it was established, without rebuttal, that the appellee is no longer able to trust appellant and that its business is characterized by a lack of reputability within the meaning of the rule, as interpreted by the appellee.
Appellant urges in this appeal that Rule 15B-9.007(7) requires proof of a conviction in order to establish a lack of reputability. The rule plainly does not so require. Appellant also cites to several portions of the hearing transcript where it is alleged that erroneous evidentiary rulings were made. Appellant, however, fails to make any substantive argument as to each of the cited portions of the record, and, regardless of this deficiency, our review of the record fails to reveal any erroneous rulings and refutes appellant’s argument that the hearing officer admitted matters outside the scope of the administrative complaint. In sum, we find the issues raised in this appeal to be totally without merit.
AFFIRMED.
SMITH, NIMMONS and MINER, JJ„ concur.